Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 5956 | **DATE** | 10/1/2004 |
| **CASE TITLE** | Su-Min Hsieh vs. RR Donnelley & sons | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Order. Because several of the affirmative defenses in the Answer are troublesome, this memorandum order is issued sua sponte to address those flaws.
(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | OCT 0 4 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| X | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 10/1/2004 date mailed notice | |
| SN | courtroom deputy's initials | | SN mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SU-MIN HSIEH,                          )
                                       )
                 Plaintiff,            )
                                       )
         v.                            )  No.  04 C 5956
                                       )
R.R. DONNELLEY & SONS COMPANY,         )
etc., et al.,                          )
                                       )
                 Defendants.           )

DOCKETED
OCT 0 4 2004

MEMORANDUM ORDER

R.R. Donnelley & Sons Company and Moore Wallace U.S.A., Inc. have filed their joint Answer to the Complaint of Su-Min Hsieh ("Hsieh") in this employment discrimination action. Because several of the affirmative defenses ("ADs") in the Answer are troublesome, this memorandum order is issued sua sponte to address those flaws.

First, however, another commonly committed error in pleading should be mentioned (but is not required to be corrected by counsel). Answer ¶¶12, 15 and 24 include an accurate employment of the type of disclaimer required under the second sentence of Fed. R. Civ. P. ("Rule") 8(b) to obtain the benefit of a deemed denial, but counsel then go on to say that their clients "therefore deny" the disclaimed allegations. That of course is an oxymoron, for the absence of knowledge or information sufficient to form a belief as to the truth of an allegation necessarily precludes a good faith <u>denial</u> of that allegation. This is simply a word to the wise for counsel's future pleading

practice, for this Court sees no harm flowing from the inappropriate usage.

That does not apply to certain of the ADs, whose problematic nature requires correction. Here they are:

1. AD 2 reads this way:

> Plaintiff's claims are barred to the extent they are not like or reasonably related to the allegations contained in the underlying EEOC charge.

That use of "to the extent" is of course wholly uninformative. If defendants indeed view any portion of Hsieh's claims set forth in the Complaint as barred for that reason, they must expressly identify those assertedly nonviable claims by a prompt filing for this Court's and Hsieh's information (and in the latter respect, to trigger a possible response). Absent such a filing, AD 2 will be stricken and any such defense will be forfeited.

2. AD 3 does nothing more than to restate one aspect of the employment discrimination statutes, without expressly relating it to Hsieh's claims. Indeed, because Complaint ¶¶19-22 identify the alleged discriminatory conduct as having begun in October 2003, less than six months before Hsieh filed her EEOC charge, AD 3's boilerplate assertion must be viewed as frivolous and is accordingly stricken.

3. AD 4 violates the basic concept embodied in Rule 8(c) and the caselaw applying it--see App. ¶5 to State Farm

Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001). What is asserted there expressly controverts the allegations in Complaint ¶¶28, 35 and 42 (as well as in other related Complaint paragraphs), all of which must be accepted as gospel for AD purposes. AD 4 is stricken as well.

  4. That is equally true of AD 5 (see, for example, Complaint ¶¶32, 39 and 46). Hence AD 5 is also stricken.

        _____
        Milton I. Shadur
        Senior United States District Judge

Date: October 1, 2004