IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Su-Min Hsieh,                          )
                                       )
            Plaintiff,                 )
                                       )
      v.                               )   04 C 5956
                                       )
R.R. Donnelley & Sons                  )
Company d/b/a RR Donnelley,            )
and Moore Wallace North                )
America, Inc., d/b/a                   )
RR Donnelley,                          )
                                       )
            Defendants.                )

## MEMORANDUM ORDER

In preparation for trial, R.R. Donnelley & Sons Company ("Donnelley") has filed a motion in limine seeking to bar testimony by Su-Min Hsieh ("Hsieh") and other workers at Donnelley or at Moore Wallace North America, Inc. regarding Hsieh's skills and work performance. Hsieh's response to that motion has made it ripe for decision.

This Court is among those that have held, in conformity with the law pronounced by our Court of Appeals in employment discrimination cases, that such self-evaluations and the opinions of fellow workers will not alone suffice to stave off Fed.R.Civ.P. 56 motions by ex-employers. Those employee opinions are regularly offered by plaintiffs in the context of employers' motions for summary judgment, on the premise that such countervailing judgments or opinions may not impugn the honesty of an employer's adverse decision, which is the critical factor

in rejecting an employee's claim of pretext. In that situation an employee's self-perception of his or her abilities, even when buttressed by comparable opinions from co-workers, has not been held to create a genuine issue of material fact to defeat the bona fides of the employer's different view as a matter of law.

But in this instance Donnelley has already lost its massive motion to prevail via summary judgment, and the question of pretext vel non will have to be resolved by a jury as the factfinder in the case. In that circumstance Hsieh's counsel has properly responded that the observations of a plaintiff's performance by others than the employer's decisionmaker may be relevant -- and probative -- as to whether that decisionmaker's statement of reasons is truthful or is merely a cover for statutorily prohibited discrimination. After all, an individual's motives can properly be tested only from an objective standpoint, which can surely include factors relevant to his or her credibility, else the decisionmaker's statement of reasons would always be immune from attack.

In summary, this Court rejects Donnelley's sweeping motion that, if successful, would create a vacuum that could be filled only by its inevitable triumph that escaped it at the summary judgment stage. Instead each proffer of such testimony that

Donnelley now seeks to cut off at the pass will be evaluated as to its admissibility in the trial matrix.

_____
Milton I. Shadur
Senior United States District Judge

Date:   March 26, 2007