IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SU-MIN HSIEH,                )
                             )
         Plaintiff,          )
                             )
    v.                       )    No.  04 C 5956
                             )
R.R. DONNELLEY & SONS COMPANY,)
etc., et al.,                )
                             )
         Defendants.         )

## MEMORANDUM OPINION AND ORDER

One motion in limine remains pending in this ready-for-trial employment discrimination action: R.R. Donnelley & Sons Company ("Donnelley") has moved to limit (or even to bar entirely) the trial testimony of David Greenberg ("Greenberg"), identified by Su-Min Hsieh ("Hsieh") as a proposed opinion witness on her behalf. As was true of Donnelley's other motion in limine, ruled upon in this Court's brief March 26, 2007 memorandum order, its counsel has once again demonstrated an unduly restrictive view of evidentiary admissibility.

To begin with, Donnelley's argument that Greenberg never worked for Donnelley or Moore Wallace North American, Inc. (now a part of Donnelley), although that would not cause an outright disqualification in any event, is misleading. As Hsieh's Memorandum in Opposition ("Mem.") at 2 says by way of response, Greenberg worked for Moore for something over a year ending in May 2000, during which time he was assigned to three managerial positions in Moore's Information Technology, while the Moore and

Wallace merger occurred a bit over three years later, followed by Donnelley's purchase of the merged Moore Wallace six months later.

Next, it is a similar red herring for Donnelley's counsel to argue that Greenberg's testimony should be barred under Fed.R.Evid. ("Rule") 602 because his testimony lacks "first-hand factual foundation." Even apart from the obvious shortcoming that for such a purported requirement to be satisfied, Hsieh would have had to retain Greenberg before she even knew she was going to be fired, so that he could then observe both her and her claimed comparator David Hilbert in action (thus showing the absurdity of any such claimed requirement), Hsieh's counsel properly responds "So what?" Lack of observation may certainly knock out some kinds of opinion testimony, but it does not bar the informed rendition of opinions of the type that Greenberg can properly make. Moreover, Donnelley's claim of a bar under Rule 602 is directly refuted by that Rule's cross-reference to Rule 703 and by the corresponding Advisory Committee Note to Rule 602, which expressly states that such cross-reference is made to confirm the allowability of opinion testimony based on facts of which a Rule 702 witness does not have personal knowledge.

As for Donnelley's attempted invocation of Rule 702, its arguments essentially rehash its earlier effort to bar Greenberg as a witness -- arguments that were effectively responded to by

2

Hsieh's counsel at that time, and that this Court -- in its gatekeeper capacity under that Rule -- then found wanting. Greenberg clearly meets the standards established by <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993), <u>General Electric Co. v. Joiner</u>, 522 U.S. 136 (1997) and <u>Kumho Tire Co. v. Charmichael</u>, 526 U.S. 137 (1999) in terms of his qualifications and the admissibility of his opinion testimony.[1] Finally, Hsieh's Mem. at 7-9 amply demonstrates the sufficient reliability of Greenberg's opinions to allow him to testify. Once more Donnelley's arguments fall short of calling for Greenberg's testimony to be barred -- instead its contentions as to his asserted deficiencies will serve as grist for the mill of cross-examination at trial.

Only one exception modifies what has been said to this point. Donnelley is correct in objecting to Greenberg's

---

[1] As chance would have it, this Court -- then a member of the Judicial Conference's Advisory Committee on the Rules of Evidence -- was designated as the chairman of the subcommittee responsible for drafting proposed amendments to Rules 701, 702 and 703 at the time the subject was before that Committee post-<u>Daubert</u> and pre-<u>Kumho</u>. It fell to this Court and the extraordinarily able reporter to that Committee, Professor Daniel Capra, to carry the laboring oar in that effort. When the work product was then approved by the entire Committee and while it was then put out for public comment, the Supreme Court handed down its opinion in <u>Kumho</u>, citing favorably to the Committee's draft of those Rules. Accordingly, when the public comment period had ended the entire Committee (of which this Court had by then become its Chairman) simply folded <u>Kumho</u> into its original draft, and the revised Rules went up the chain of approval through the Supreme Court and became effective on December 1, 2000.

statement of his opinion as to why Hsieh was terminated and why Hilbert was kept on. Instead the scope of Greenberg's permitted testimony is intended (as this Court's ruling on the other motion in limine has made plain) to provide information that will enable the jury to find whether the decisionmaker's determination in those respects was or was not pretextual, such as to disguise statutorily prohibited discrimination.

/s/ Milton I. Shadur

Milton I. Shadur
Senior United States District Court

Dated:    March 28, 2007

4